UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MANUEL GUADIAN**, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-23-CV-00235-FM |
| | § | |
| **PROGRESSIVE DEBT RELIEF, LLC,** | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Progressive Debt Relief, LLC's ("Defendant") "Rule 12(b)(6) Motion to Dismiss" (ECF No. 20), filed on September 15, 2023. On October 19, 2023, Senior United States District Judge Frank Montalvo referred the motion to the undersigned Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss be **DENIED**.

### I.   BACKGROUND

This case arises from alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Manuel Guadian ("Plaintiff") alleges that he received seven separate phone calls from Valid Solutions, a telemarketer, over the course of March 17 to April 11, 2023. Pl.'s First Am. Compl. ¶¶ 39–66 [hereinafter, "Am. Compl."], ECF No. 13.

Plaintiff has maintained his personal cell phone number, ending in -5579, on the National Do-Not-Call Registry since January 3, 2023. *Id.* at ¶ 24. Plaintiff states that his cell phone is used for residential purposes. *Id.* at ¶ 118.

Plaintiff asserts that after the fifth call he received, he expressed being interested in debt relief services so that he could find out on whose behalf the calls were made. *Id.* at ¶ 47. The representative from Valid Solutions informed Plaintiff that he would transfer Plaintiff to a "senior advisor." *Id.* at ¶ 49. Plaintiff was then transferred to a representative from Defendant. *Id.* at ¶ 51. According to Plaintiff, there was no "interruption of the phone call during the transfer" to the representative of Defendant. *Id.* at ¶ 54.

Plaintiff claims that he sent a do-not-call request to Defendant via the email address contactus@progressiverelief.com, which is an email address listed on Defendant's website. *Id.* at ¶ 77. Defendant never provided Plaintiff with its internal do-not-call policy. *Id.* at ¶ 78.

Plaintiff filed the above-captioned case *pro se* on June 16, 2023, alleging violations of the TCPA and Texas Business & Commerce Code §§ 305.053 and 302.101. Pl.'s Original Compl., ECF No. 1. Defendant filed the instant motion to dismiss on September 15, 2023. Rule 12(b)(6) Mot. to Dismiss [hereinafter, "Mot. to Dismiss"], ECF No. 20. Plaintiff filed a response to the motion, *see* Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s First Am. Compl. [hereinafter, "Pl.'s Resp."] 5, ECF No. 22, on September 28, and Defendant filed its reply on October 9, Reply to Pl.'s Resp. to Rule 12(b)(6) Mot. to Dismiss, ECF No. 27.

## II. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018). But the court does not accept as true "conclusory allegations, unwarranted

factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotes and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a "plausible claim for relief" when the factual allegations contained therein allow the court to infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

#### A. TCPA Claim

It is a violation under the TCPA to "initiate any telephone solicitation to [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations." 47 U.S.C. § 227(c)(3)(F); 47 C.F.R. § 64.1200(c)(2). Additionally, it is a violation for a "person or entity" to "initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The FCC interprets the TCPA to mean that "a seller is not directly liable for a violation of the TCPA unless it initiates a call." *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6582, 2013 WL 1934349 (FCC Apr. 17,

2013). However, a seller can "be held vicariously liable under federal common law agency principles." *Id.*

The parties disagree as to whether Defendant is vicariously liable for the phone calls made by Valid Solutions. Defendant asserts that Plaintiff has not established vicarious liability because Plaintiff never alleges that the phone calls he received from Valid Solutions were made on behalf of Defendant. Mot. to Dismiss ¶ 8. Further, Defendant argues that it never made any representations to Plaintiff that Valid Solutions was acting as Defendant's agent. *Id.* at ¶¶ 9–10. Defendant also claims that Plaintiff never asserted enough facts to establish that Defendant "knew or should have known Valid Solutions was violating the TCPA on [Defendant]'s behalf." *Id.* at ¶ 11.

In his response, Plaintiff asserts that all of the calls he received from Valid Solutions were on behalf of Defendant. Pl.'s Resp. 5. Plaintiff claims that Defendant exerted enough "day-to-day control over the actions of its telemarketers" such that Valid Solutions was acting as Defendant's agent. *Id.*

An agency relationship is established when one party, the principal, "manifests assent" to another party, the agent, "that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Bradley v. DentalPlans.com*, 617 F. Supp. 3d 326, 338–39 (D. Md. 2022) (citation omitted). "The 'essential element' of an agency relationship is the 'principal's control over the agent's actions.' The relevant inquiry in TCPA cases is whether the principal controlled—or had the right to control—the 'manner and means' of the telemarketing campaign." *Id.* at 339 (citation omitted). The existence of a contract is not enough to prove actual authority: the principal must also have the authority to

give "interim instructions" to the agent. *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015).

In one TCPA case, the Fourth Circuit upheld a jury's conclusion that there was an agency relationship between the defendant and telemarketer. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 659–61 (4th Cir. 2019).[1] The court noted that the defendant had broad authority over the telemarketer's business, including its technology; the telemarketer was authorized to use the defendant's name and logo; and the defendant stated its authority over the telemarketer with respect to TCPA compliance clearly in a voluntary compliance agreement. *Id.* at 660. Further, the defendant was aware of the telemarketer's legal violations but "took no meaningful action to ensure compliance, and profited from [the telemarketer's] actions." *Id.*

The court in *Bradley*, *supra*, determined that the plaintiff "ha[d] made a *prima facie* showing of an agency relationship" between a seller and telemarketer for the purpose of defeating the defendant seller's 12(b)(2) challenge to personal jurisdiction. 617 F. Supp. 3d at 338. The plaintiff asserted that the seller retained the right to assess and audit the telemarketer's marketing practices and communications, the seller had the right to terminate the relationship with the telemarketer at any time, and the seller had the right to provide interim instructions to the telemarketer. *Id.* at 339. These allegations that the seller had the right to control the telemarketer's campaign were sufficient to establish the defendant's contacts with the forum state. *Id.* at 343.

A TCPA plaintiff does have to allege more than just that the defendants are vicariously liable because they are direct beneficiaries of the telemarketing calls. *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020). The court in *Callier*

---

[1] The standard used by the court was whether "the jury's conclusion lack[ed] any meaningful support, viewing 'the trial evidence in the light most favorable to the prevailing party,'" which was the plaintiff. *Id.* at 660.

refused to infer a principal-agent relationship between the defendants and the telemarketer because neither defendant "maintain[ed] control or oversight over third-party marketing firms." *Id.* Further, neither defendant "select[ed] who third-party marketing firms market to or the manner in which those marketing firms conduct[ed] their operations." *Id.* For an agency relationship to be established, the seller "must have had the authority to assign tasks and control the means and details of the process by which the third-party telemarketer . . . conducts its business." *Id.*

Here, Plaintiff has stated enough facts in his complaint to make a plausible case that Valid Solutions operated as an agent of Defendant. Plaintiff's recitation of facts suggests that Defendant exercised day-to-day control over the actions of Valid Solutions. Plaintiff alleges that "Valid Solutions makes solicitation telephone calls at the direction, instruction, and guidance of Defendant" and that Defendant approves contracts with Valid Solutions, authorizes payments to Valid Solutions, and pays Valid Solutions out of bank accounts that Defendant controls. Am. Compl. ¶¶ 32–35. Plaintiff alleges that Defendant controlled Valid Solutions such that Defendant "instructed Valid Solutions on what states to call, what hours to call, and what to say when the phone calls were answered." *Id.* at ¶ 93. Plaintiff also alleges that Defendant gave Valid Solutions guidance "on the qualifications required for each customer" and "the hardware and software used to enter those qualifications," as well as suppling the necessary technology in order for Valid Solutions to "transfer . . . consumers during live phone calls." *Id.* at ¶ 94–95. Plaintiff states that Defendant had "day-to-day control over the actions of its telemarketers, including the ability to require them to respect the National Do Not Call Registry." *Id.* at ¶ 97. And, further, Plaintiff alleges that Defendant "also gave interim instructions to Valid Solutions by providing lead-qualifying instructions and lead volume limits." *Id.* at ¶ 98.

6

Plaintiff also alleges that Valid Solutions acted on behalf of Defendant. He claims that Defendant knew about and profited off of violations of the TCPA by Valid Solutions. *Id.* at ¶ 71. He also states that Valid Solutions' ability to transfer Plaintiff directly to a representative of Defendant during a call means that Valid Solutions could enter customer information directly into Defendant's computer systems and, thus, was acting as an agent of Defendant. *Id.* at ¶ 103–04; s*ee, e.g., Salaiz v. Beyond Fin., LLC*, No. EP-23-CV-6-KC, 2023 WL 6053742, at *4 (W.D. Tex. Sept. 18, 2023) (stating that the plaintiff's allegation that the telemarketer transferred him directly to the defendant when he expressed interest in debt-relief services created "a reasonable inference that the telemarketers were authorized by [the] [d]efendant to find clients for it"). Accepting all these factual allegations as true, as the Court must in the 12(b)(6) posture, the Court finds that Plaintiff's First Amended Complaint contains sufficient facts to make it plausible that Valid Solutions worked as an agent of Defendant. Thus, Plaintiff's TCPA claims should not be dismissed.

**B. Tex. Bus. & Com. Code § 305.053**

Defendant argues that since Plaintiff does not allege a plausible TCPA claim, Plaintiff's claim under Tex. Bus. & Com. Code § 305.053 must by necessity fail as well. Mot. to Dismiss ¶¶ 13–14. Further, Plaintiff is not entitled to recovery under both the TCPA and § 305.053. *Id.* at ¶ 15.

Section 305.053 states that "[a] person who receives a communication that violates" the TCPA can bring an action in Texas against the originator of the communication. Tex. Bus. & Com. Code § 305.053(a). As discussed above, Plaintiff has alleged a plausible TCPA claim, so Plaintiff also has a plausible claim under § 305.053.

When considering whether to dismiss a claim under Rule 12(b)(6), a court "looks to whether the plaintiff has stated a claim upon which relief can be granted, not whether those claims may lead to double recovery at the end of the litigation." *Bergeron v. Ochsner Health Sys.*, No. 17-519, 2017 WL 3648451, at *10 (E.D. La. Aug. 24, 2017). "A potential double recovery problem down the road is simply not an appropriate ground on which to dismiss claims under Rule 12(b)(6)." *Id.* Thus, it would not be appropriate for the Court to recommend dismissal of a claim at this stage because of the possibility of double recovery later.

Further, while it is true that "[t]here is no indication in either the TCPA or Texas's analogue that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations," *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013), this does not preclude a plaintiff from asserting claims under both the TCPA and § 305.053. *See, e.g., Callier v. GreenSky, Inc.*, No. EP-20-CV-00304, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021) ("As Plaintiff's underlying (federal) TCPA section 227(b) claims are cognizable, Plaintiff's state TCPA claim under § 305.053 are [sic] as well."). For these reasons, Plaintiff's § 305.053 claim should not be dismissed.

### C. Tex. Bus. & Com. Code § 302.101

Defendant argues that Plaintiff merely restates the elements for a claim under § 302.101, without pleading facts that make it plausible that Defendant violated the statute. Mot. to Dismiss ¶ 17. Defendant asserts that Plaintiff has not sufficiently pleaded that Defendant made a telephone solicitation to Plaintiff, since Valid Solutions was the entity that actually made the calls. *Id.* Plaintiff argues that a "seller" who utilizes a third party to make telephone solicitations can be held vicariously liable for the telemarketer's violation of § 302.101. Pl.'s Resp. 5–6.

Section 302.101 states that "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101. Other courts in this Circuit have determined that the federal common law principles of agency apply here, too, and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *See Johnson v. Palmer Admin. Servs., Inc.*, No. 6:22-CV-00121-JCB-KNM, 2022 WL 17546957, at *9 (E.D. Tex. Oct. 20, 2022) (stating that the plaintiff had "presented sufficient factual allegations" for the court "to infer the existence of a principal-agent relationship" between the telemarketer and the defendant); *Salaiz*, 2023 WL 6053742, at *5 (finding that the plaintiff had "plausibly alleged that [the] [d]efendant "effected or attempted to effect the thirteen calls [the] [p]laintiff received by hiring telemarketers to make those calls.").

Plaintiff has pleaded enough to plausibly suggest that Valid Solutions was an agent of Defendant. Thus, it is plausible that Defendant is vicariously liable for Valid Solutions' violations of § 302.101. Therefore, Plaintiff's § 302.101 claim should not be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's "Rule 12(b)(6) Motion to Dismiss" (ECF No. 20) be **DENIED**.

**SIGNED** this 8th day of November, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**